UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'VANTE JEFFERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEX VILLANUEVA, ET AL.,<br><br>    Defendant(s). | Case No. CV 19-8140-PA (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff De'Vante Jefferson ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA") primarily arising out of his conditions of confinement at Twin Towers Correctional Facility. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///
///

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On August 21, 2019, Plaintiff, who was confined at Twin Towers Correctional Facility at the time of the alleged conduct, constructively filed[1] the Complaint against defendants County of Los Angeles, City of Los Angeles, Los Angeles County Sheriff Alex Villanueva and Deputy Merino in their individual and official capacities, and deputies Boling, Vasquez, and Velasquez in their individual capacity ("Defendants"). ECF Docket No. ("Dkt.") 1.

Plaintiff appears to sue defendants County of Los Angeles, City of Los Angeles, and Sherriff Villanueva for violations of the Eighth Amendment and ADA for holding him in conditions of confinement "equat[ing] to torture." Id. at 12-13. In addition, Plaintiff alleges defendant Boling, the ADA coordinator for the Twin Towers facility and a "superior officer," violated Plaintiff's Eighth Amendment rights and the ADA because defendant Boling is obligated to "ensure that the housing units are in ADA compliance." Id. at 14. Plaintiff specifically alleges he "endured filthy, unsafe, unhealthy, and inadequate living conditions" at Twin Towers Correctional Facility. Id. at 8. Plaintiff alleges he was denied access to cleaning supplies and cold drinking water, lights are left on 24 hours a day, and medical equipment and restrooms are not ADA compliant. Id.

Plaintiff also alleges claims against defendants Vasquez and Velasquez under "due process" and the First, Fifth, and Fourteenth Amendments for denying him access to courts. Id. at 15. Plaintiff alleges defendant Vasquez, "who runs the legal mail department, has failed to deliver legal mail in a timely ma[nn]er." Id. Plaintiff alleges defendant Velasquez, "who is assigned to the legal unit," failed in his

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners").

2

obligation to assist Plaintiff in filing a complaint regarding his conditions of confinement by denying him access to the law library, legal supplies, postage, and a notary. Id. at 10, 15.

Finally, Plaintiff alleges defendant Merino violated his First, Fifth, Eighth, Eleventh, and Fourteenth Amendment rights. Id. at 5. Plaintiff alleges defendant Merino interfered with Plaintiff's mobility equipment, "consistently harassed [Plaintiff] without provocation," and strip-searched Plaintiff on one occasion. Id. at 10. Plaintiff alleges he filed a grievance "on [defendant Merino's] behavior and ever since he's been retaliating against [Plaintiff]." Id.

Plaintiff seeks an injunction against defendant Merino and "relief in the amount of [$]20,000." Id. at 6.

### III.
### STANDARD OF REVIEW

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In

considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot

be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE ADA**

**1. Applicable Law**

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. prohibits discrimination on the basis of disability in the programs, services or activities of a public entity. However, Title II of the ADA only affords causes of action against public entities, 29 U.S.C. §§ 794, 794a; 42 U.S.C. § 12132; Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187 (9th Cir. 2003), and does not encompass public officials sued in their individual capacities. Hayes v. Voong, 709 F. App'x 494, 495 (9th Cir. 2018)[2]; Roberts v. California Dep't of Corr. & Rehab., No. EDCV 16-1929 CJC (JC), 2017 WL 3635175, at *9 (C.D. Cal. Aug. 22, 2017).

To state a claim for violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002), cert. denied, 537 U.S. 1105 (2003).

To recover monetary damages under the ADA, Plaintiff must show intentional discrimination on the part of state officials. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The test for intentional discrimination is deliberate indifference. Id. A defendant acts with deliberate indifference only if (1) the defendant has knowledge from which an inference could be drawn that a harm to a

---

[2] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

5

federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood. See id. at 1138-39.

   **2.   Analysis**

As an initial matter, Title II of the ADA does "not authorize claims against State officials in their individual capacities." Hayes, 709 F. App'x at 495; Roberts, 2017 WL 3635175, at *9. Therefore, the ADA claims against defendants Villanueva and Boling in their individual capacity are subject to dismissal.

In addition, Plaintiff does not appear to allege that he was denied the benefits of services, programs, or activities, or was otherwise discriminated against by the public entity solely by reason of his disability. See, e.g., Hewitt v. Luis, No. 3:11-CV-00598-RCJ, 2013 WL 4702266, at *9 (D. Nev. July 2, 2013), report and recommendation adopted, No. 3:11-CV-00598-RCJ, 2013 WL 4710392 (D. Nev. Aug. 30, 2013) (finding confiscating plaintiff's cane for nine days could not support an ADA discrimination claim because plaintiff's claim sounded in medical negligence rather than discriminatory denial of services, programs, or activities). To the extent Plaintiff seeks to sue Defendants for alleged inadequate healthcare under the ADA, such a claim fails as a matter of law. See Gordy v. Agamyan, No. CV 18-2590-GW (JPR), 2018 WL 3129779, at *4 (C.D. Cal. June 22, 2018); Figueira ex rel. Castillo v. Cnty. of Sutter, No. 2:15-CV-00500-KJM (AC), 2015 WL 6449151, at *8-9 (E.D. Cal. Oct. 23, 2015) (dismissing ADA claims arising from suicide of mentally ill inmate following allegedly inadequate health care in custody; noting that "[t]he defendants cannot have violated the ADA by failing to attend to the medical needs of disabled prisoners"). Moreover, Plaintiff fails to allege facts showing intentional discrimination. Hence, Plaintiff's ADA claims against Defendants in their official capacity seeking both injunctive and monetary relief are subject to dismissal.

///
///
///

**B. THE COMPLAINT FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS COUNTY OF LOS ANGELES, CITY OF LOS ANGELES, OR DEFENDANTS VILLANUEVA OR MERINO IN THEIR OFFICIAL CAPACITY**

**1. Applicable Law**

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

///

**2. Analysis**

Here, Plaintiff fails to state a Section 1983 claim against defendants County of Los Angeles, City of Los Angeles, or Villanueva or Merino in their official capacity because Plaintiff fails to identify any widespread, systematic constitutional violations that have become the force of law or formal governmental policy pursuant to which Defendants acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Plaintiff's conclusory allegation that "the problems within this facility are public knowledge", dkt. 1 at 8, is not entitled to a presumption of truth. Iqbal, 556 U.S. at 681. Plaintiff has, therefore, failed to allege a policy, practice, or custom, that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino, 99 F.3d at 918. Accordingly, Plaintiff's Section 1983 claims against defendants County of Los Angeles, the City of Los Angeles, and Villanueva and Merino in their official capacity are subject to dismissal.

**C. THE COMPLAINT FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS VILLANUEVA OR BOLING IN THEIR INDIVIDUAL CAPACITY**

**1. Applicable Law**

Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Hence, there is no respondeat superior liability under Section 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor is, therefore, only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

**2. Analysis**

Here, Plaintiff seeks to bring a Section 1983 claim against defendants Villanueva and Boling by alleging (1) defendant Villanueva, the Los Angeles County

Sheriff, "is a policy maker of the Twin Towers Correctional Facility [and] has allowed his subordinates to violate [Plaintiff's] constitutional rights"; and (2) defendant Boling is "obligated" as a "superior officer" to investigate Plaintiff's complaints regarding violations of his constitutional rights. Dkt. 1 at 12, 14. These conclusory allegations, however, fail to allege any personal participation of defendants Villanueva or Boling in the alleged constitutional violations. See Fayle, 607 F.2d at 862. Defendants Villanueva and Boling are not liable for the alleged constitutional violations of their subordinates merely by virtue of their roles as supervising officers. See Ybarra, 723 F.2d at 680-81. Hence, Plaintiff's Section 1983 claims against defendants Villanueva and Boling in their individual capacity are subject to dismissal.

### D. THE COMPLAINT FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS VASQUEZ OR VELASQUEZ IN THEIR INDIVIDUAL CAPACITY

#### 1. Applicable Law

The First and Fourteenth Amendments guarantee a right to access courts for the purpose of challenging one's conditions of confinement. See Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). To state an access to courts claim, the plaintiff "must identify a nonfrivolous, arguable underlying claim" that the plaintiff has been or will be unable to pursue properly because the defendants' actions have denied the plaintiff meaningful access to the courts. Christopher v. Harbury, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). In addition, a plaintiff must allege he suffered an "actual injury" – that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348-49, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)); Himes v. Gastelo, No. 2:18-CV-00327-PSG (MAA), 2019 WL 1865160, at *5 (C.D. Cal. Jan. 30, 2019).

///

**2.     Analysis**

Here, Plaintiff alleges defendants Vasquez and Velasquez denied him access to courts to pursue his conditions of confinement claims by failing to deliver Plaintiff's legal mail in a timely manner and denying him access to the law library, legal supplies, postage, and a notary. Id. at 10, 15. First, Plaintiff fails to describe a non-frivolous, underlying claim he was prevented from pursuing. See Harbury, 536 U.S. at 417-18 ("[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it."). Second, Plaintiff fails to allege he suffered any actual injury to a particular court case as a result of not receiving his mail in a timely manner and being denied access to the law library. See Greene, 648 F.3d at 1018. Hence, Plaintiff's access to courts claims against defendants Vasquez and Velasquez are subject to dismissal.

**E.    THE COMPLAINT FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANT MERINO IN HIS INDIVIDUAL CAPACITY**

Plaintiff appears to allege defendant Merino violated his constitutional rights by (a) removing the DME[3] Plaintiff requires for daily mobility; (b) strip searching Plaintiff on one occasion; and (c) retaliating against Plaintiff for filing a grievance by "consistently harassing" Plaintiff. Dkt. 1 at 5, 8, 10.

///
///
///
///

---

[3] While Plaintiff does not define the abbreviation "DME", in this context it appears to generally refer to Durable Medical Equipment. See Gordian Med., Inc. v. Sebelius, No. CV 10-1202-CAS (FFMx), 2012 WL 781596, at *1 (C.D. Cal. Mar. 9, 2012).

### 1. The Complaint Fails to State a Claim for Denial of Adequate Medical Care

#### a. Applicable Law

The Fourteenth Amendment governs claims for violations of the right to adequate medical care brought by pretrial detainees. Gordon v. Cty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018), cert. denied sub nom. Cty. of Orange, Cal. v. Gordon, 139 S. Ct. 794, 202 L. Ed. 2d 571 (2019). A claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate indifference standard. Id. The elements of such a claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Id. (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). A plaintiff must "prove more than negligence but less than subjective intent – something akin to reckless disregard." Id. The "'mere lack of due care'" is insufficient. Id. (quoting Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)).

///
///
///

### b. Analysis

Here, Plaintiff's bare allegation that his mobility device was removed is insufficient to state a claim for denial of adequate medical care. Plaintiff[4] fails to allege any facts showing defendant Merino's removal of Plaintiff's unspecified DME mobility device put Plaintiff at substantial risk of suffering serious harm and failed to take reasonable available measure to abate that risk. Hence, Plaintiff's denial of medical care claim against defendant Merino for removal of his DME is subject to dismissal.

### 2. The Complaint Fails to State an Unreasonable Search Claim

#### a. Applicable Law

The Fourth Amendment's proscription against unreasonable searches "extends to incarcerated prisoners; however, the reasonableness of a particular search is determined by reference to the prison context." Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). "[G]iven the realities of institutional confinement, any reasonable expectation of privacy that a detainee retained necessarily would be of a diminished scope." Bell v. Wolfish, 441 U.S. 520, 557, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). "[P]rison administrators [are to be] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Block v. Rutherford, 468 U.S. 576, 585, 104 S. Ct. 3227, 82 L. Ed. 2d 438 (1984) (citations and quotation marks omitted). A search "is valid if it is reasonably related to

---

[4] Plaintiff fails to allege whether the alleged constitutional violations occurred before or after he was convicted. Therefore, it is not entirely clear whether the Fourteenth Amendment standards apply or whether the often harder-to-prove Eighth Amendment "subjective" standard would apply. Kingsley v. Hendrickson, __ U.S. __, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) (noting the standard applicable to Fourteenth Amendment excessive force cases is the same as the Fourth Amendment "objective" test, rather than the often harder-to-prove Eighth Amendment "subjective" standard). Nevertheless, because Plaintiff has failed to state a claim under the Fourteenth Amendment, a claim for unreasonable search under the Eighth Amendment would also fail. If Plaintiff chooses to file a First Amended Complaint as discussed below, he should specify whether the incidents occurred before or after conviction.

12

legitimate penological interests." Michenfelder 860 F.3d at 331 (citation and quotation marks omitted).

An inmate seeking to bring an unreasonable search claim must set forth factual allegations indicating the search was "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Id. at 332. "'Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" Id. at 332 (quoting Bell, 441 U.S. at 559 (emphases in original)); see also Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 327, 132 S. Ct. 1510, 182 L. Ed. 2d 566 (2012) (holding "deterring the possession of contraband depends in part on the ability to conduct searches without predictable exceptions" including "random searches of inmate lockers and cells even without reason to suspect a particular individual of concealing a prohibited item"). "Absent proof of intent to punish, . . . th[e] determination [of whether there has been a constitutional violation] generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Block, 468 U.S. at 584 (citations and quotation marks omitted).

    **b.**  **Analysis**

Here, Plaintiff's bare allegation that he was strip searched by defendant Merino on one occasion fails to state an unreasonable search claim. Dkt. 1 at 10. Plaintiff fails to allege facts indicating the search was "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." See Michenfelder, 860 F.2d at 332. Hence, Plaintiff's unreasonable search claim against defendant Merino is subject to dismissal.

  **3.**  **The Complaint Fails to State a Claim for Retaliation**

    **a.**  **Applicable Law**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v.

1  Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  Within the prison context, a viable claim
2  of First Amendment retaliation entails five basic elements: (1) the prisoner engaged in
3  protected conduct; (2) an assertion that a state actor took some adverse action against
4  an inmate; (3) the adverse action was "because of" the prisoner's protected conduct;
5  (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and
6  (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v.
7  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### b. Analysis

Here, Plaintiff alleges defendant Merino retaliated against him for filing a grievance regarding defendant Merino's actions.  Dkt. 1 at 10.  First, the conclusory allegation that "ever since [filing the grievance] he's been retaliating against [Plaintiff]", id., is not entitled to a presumption of truth.  Iqbal, 556 U.S. at 681. Second, Plaintiff fails to allege defendant Merino took any adverse action against him. See Rhodes, 408 F.3d at 567-68.  Hence, Plaintiff's retaliation claim against defendant Merino is subject to dismissal.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned

district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already

15

given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

      2.      Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  October 22, 2019

HONORABLE KENLY KIYA KATO
United States Magistrate Judge