UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'VANTE JEFFERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEX VILLANUEVA, ET AL.,<br><br>　　　　　Defendant(s). | Case No. CV 19-8140-PA (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff De'Vante Jefferson ("Plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA") primarily arising out of his conditions of confinement at Twin Towers Correctional Facility. For the reasons discussed below, the Court dismisses the FAC with leave to amend.

///
///
///
///
///

## II.

## **BACKGROUND**

On August 21, 2019, Plaintiff, who was confined at Twin Towers Correctional Facility at the time of the alleged conduct, constructively filed[1] a complaint against defendants County of Los Angeles, City of Los Angeles, Los Angeles County Sheriff Alex Villanueva and Deputy Merino in their individual and official capacities, and Deputies Boling, Vasquez, and Velasquez in their individual capacity. ECF Docket No. ("Dkt.") 1.

On October 22, 2019, the Court dismissed the Complaint with leave to amend for failure to state a claim. Dkt. 9.

On October 31, 2019, Plaintiff constructively filed the instant FAC against defendants County of Los Angeles, City of Los Angeles, Los Angeles County Sheriff Alex Villanueva and Deputies Merino and Boling in their individual and official capacities, and Deputies Vasquez and Velasquez in their individual capacity ("Defendants"). Dkt. 11.

Plaintiff alleges defendants County of Los Angeles, City of Los Angeles, and Villanueva violated the Eighth Amendment and the ADA for holding him in conditions of confinement that were "filthy, unsafe, [and] unhealthy" and because he received "poor health care" at Twin Towers Correctional Facility. Id. at 5-11. Plaintiff complains there was "insufficient lighting in [the] bathroom, constant lighting in the dayroom/bed-area, [and] lack of access to cold water." Id. at 10. In addition, Plaintiff alleges defendant Villanueva is responsible for the violation of his constitutional rights because he is the "policy maker" for Twin Towers Correctional

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners").

2

Facility, hired defendant Boling as the ADA coordinator, and failed to "adequately train staff." Id. at 11.

Plaintiff alleges defendant Boling, who is the ADA coordinator for Twin Towers Correctional Facility and a "superior officer," violated Plaintiff's Eighth Amendment rights and the ADA because it is his obligation to ensure "that the ADA dorm and bathroom are ADA compliant." Id. at 14. Plaintiff alleges the bathrooms were not ADA accessible because "the shower had no wand, [and] had a home made jail barrier that made it difficult to get in and out of the shower." Id. Plaintiff alleges defendant Boling stated he would have maintenance make a "real bin barrier" for the shower so the water "won't get all over the bathroom floor," but it was never fixed. Id. Plaintiff alleges defendant Boling "knew of the bathroom, along with the shower, not [being] ADA accessib[le] and did nothing to fix the problem." Id.

Plaintiff alleges defendant Merino violated his First, Fifth, Eighth, and Fourteenth Amendment rights.[2] Id. at 12. Plaintiff alleges defendant Merino woke him up around 6:00 a.m. or 6:45 a.m. in April 2018, ordered him out of bed, and told him to go to the rec yard. Id. Plaintiff went to the rec yard on his crutches, where he was told to "strip down", which was "very difficult" because of the crutches. Id. Plaintiff claims defendant Merino then "made [Plaintiff] "bend over and c[ough] 10 to 15 times wh[ile] he had a flashlight li[ght]ing inside my buttocks while he made me pull my but[t]cheeks apart, which was very uncomfortable and hard to do on crutches with no ADA doctor there present." Id. When Plaintiff returned to his "bed area" it was in disarray. Id. Plaintiff filed a grievance against defendant Merino regarding "his malicious behavior." Id. "After the grievance," defendant Merino "went outside his jurisdiction and took wheelchairs" from Plaintiff. Id. at 12. On one occasion,

---

[2] Plaintiff also alleges defendant Merino violated his Eleventh Amendment rights, but the Eleventh Amendment "prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). Therefore, it is unclear what claim Plaintiff is attempting to pursue under the "Eleventh Amendment."

3

defendant Merino brought "the ADA doctor, and [a] different nurse and force[d] [Plaintiff] out [of] the chair" one hour after a nurse had given Plaintiff back his wheelchair. Id. at 12-13.

Plaintiff also alleges defendants Vasquez and Velasquez violated his First, Fifth, and Fourteenth Amendment rights by denying him access to courts. Id. at 15-16. Plaintiff alleges defendant Vasquez "runs the legal mail department" and "has failed to deliver legal mail in a professional and timely ma[nn]er." Id. at 15. Plaintiff alleges defendant Velasquez denied him access to the courts "to pursue [his] conditions of confinement claims" by denying him "legal supplies, postage[], and [a] notary." Id. at 16. Plaintiff alleges that because his legal mail "came late, by the time [he] received [his] legal mail, [he] was already behind [in his direct appeal], and they have already appointed [him] an attorney who [he] did not want, nor did [he] want them to pick an attorney for [him] at all." Id.

Plaintiff seeks $20,000 and "any other relief that [the court] find to be appropriate for the violations of [his] constitutional rights and [his] ADA benefits." Id. at 17.

### III.
### **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when

4

evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith,

203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A. THE FAC FAILS TO STATE A CLAIM FOR RELIEF UNDER THE ADA AGAINST DEFENDANT CITY OF LOS ANGELES AND DEFENDANTS VILLANUEVA AND BOLING IN THEIR INDIVIDUAL CAPACITY**

**1. Applicable Law**

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., prohibits discrimination on the basis of disability in the programs, services or activities of a public entity. However, Title II of the ADA only affords causes of action against public entities, 29 U.S.C. §§ 794, 794a; 42 U.S.C. § 12132; Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187 (9th Cir. 2003), and does not encompass public officials sued in their individual capacities. Hayes v. Voong, 709 F. App'x 494, 495 (9th Cir. 2018)[3]; Roberts v. California Dep't of Corr. & Rehab., No. EDCV 16-1929 CJC (JC), 2017 WL 3635175, at *9 (C.D. Cal. Aug. 22, 2017).

To state a claim for violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his

---

[3] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

6

disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002), cert. denied, 537 U.S. 1105 (2003).

To recover monetary damages under the ADA, Plaintiff must show intentional discrimination on the part of state officials. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The test for intentional discrimination is deliberate indifference. Id. A defendant acts with deliberate indifference only if (1) the defendant has knowledge from which an inference could be drawn that a harm to a federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood. See id. at 1138-39.

2. **Analysis**

As an initial matter, Title II of the ADA does "not authorize claims against State officials in their individual capacities." Hayes, 709 F. App'x at 495; Roberts, 2017 WL 3635175, at *9. Therefore, the ADA claims against defendants Boling and Villanueva in their individual capacity are subject to dismissal.

In addition, Twin Towers Correctional Facility is operated by the Los Angeles County Sheriff's Department. Plaintiff, therefore, fails to allege how defendant City of Los Angeles would be liable for any ADA violations at Twin Towers Correctional Facility. Accordingly, Plaintiff's ADA claims against defendant City of Los Angeles are subject to dismissal.

Finally, to the extent Plaintiff seeks to sue defendants County of Los Angeles, City of Los Angeles, Villanueva, or Boling for alleged inadequate healthcare under the ADA by claiming he received "poor healthcare", such claims fail as a matter of law. See Gordy v. Agamyan, No. CV 18-2590-GW (JPR), 2018 WL 3129779, at *4 (C.D. Cal. June 22, 2018); Figueira ex rel. Castillo v. Cnty. of Sutter, No. 2:15-CV-00500-KJM (AC), 2015 WL 6449151, at *8-9 (E.D. Cal. Oct. 23, 2015) (dismissing ADA claims arising from suicide of mentally ill inmate following allegedly inadequate health care in custody; noting that "[t]he defendants cannot have violated the ADA by failing to attend to the medical needs of disabled prisoners").

7

## B. THE FAC FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS COUNTY OF LOS ANGELES AND CITY OF LOS ANGELES, OR DEFENDANTS VILLANUEVA, BOLING, OR MERINO IN THEIR OFFICIAL CAPACITY

### 1. Applicable Law

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

///

### 2. Analysis

Here, Plaintiff fails to state a Section 1983 claim against defendants County of Los Angeles, City of Los Angeles, or Villanueva, Boling, or Merino in their official capacity because Plaintiff fails to identify any widespread, systematic constitutional violations that have become the force of law or formal governmental policy pursuant to which Defendants acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Plaintiff's conclusory allegation that the problems within Twin Towers Correctional Facility are "public knowledge", dkt. 11 at 7, is not entitled to a presumption of truth. Iqbal, 556 U.S. at 681. Plaintiff has, therefore, failed to allege a policy, practice, or custom, that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino, 99 F.3d at 918. Accordingly, Plaintiff's Section 1983 claims against defendants County of Los Angeles, the City of Los Angeles, and Villanueva, Boling, and Merino in their official capacity are subject to dismissal.

## C. THE FAC FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANT VILLANUEVA IN HIS INDIVIDUAL CAPACITY

### 1. Applicable Law

Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Hence, there is no respondeat superior liability under Section 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor is, therefore, only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

### 2. Analysis

Here, Plaintiff seeks to bring a Section 1983 claim against defendant Villanueva by alleging defendant Villanueva, the Los Angeles County Sheriff, is a "policy maker" at Twin Towers Correctional Facility. Dkt. 11 at 11. This conclusory allegation,

however, fails to allege any personal participation of defendant Villanueva in the alleged constitutional violations. See Fayle, 607 F.2d at 862. Defendant Villanueva is not liable for the alleged constitutional violations of his subordinates merely by virtue of his role as supervising officer. See Ybarra, 723 F.2d at 680-81. Hence, Plaintiff's Section 1983 claim against defendant Villanueva in his individual capacity is subject to dismissal.

## D. THE FAC FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS VASQUEZ OR VELASQUEZ IN THEIR INDIVIDUAL CAPACITY

### 1. Applicable Law

The First and Fourteenth Amendments guarantee a right to access courts for the purpose of challenging one's conditions of confinement. See Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). To state an access to courts claim, the plaintiff "must identify a nonfrivolous, arguable underlying claim" that the plaintiff has been or will be unable to pursue properly because the defendants' actions have denied the plaintiff meaningful access to the courts. Christopher v. Harbury, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). In addition, a plaintiff must allege he suffered an "actual injury" – that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348-49, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)); Himes v. Gastelo, No. 2:18-CV-00327-PSG (MAA), 2019 WL 1865160, at *5 (C.D. Cal. Jan. 30, 2019).

### 2. Analysis

Here, Plaintiff alleges defendants Vasquez and Velasquez denied him access to courts to pursue his conditions of confinement claims by failing to deliver Plaintiff's legal mail in a timely manner and denying him access to the law library, legal supplies, postage, and a notary. Dkt. 11 at 15-16. First, Plaintiff fails to describe a non-

frivolous, underlying claim he was prevented from pursuing. See Harbury, 536 U.S. at 417-18 ("[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it."). Second, Plaintiff fails to allege he suffered any actual injury to a particular court case as a result of not receiving his mail in a timely manner and being denied access to the law library. See Greene, 648 F.3d at 1018. To the extent Plaintiff argues he was assigned an attorney on the direct appeal of his criminal conviction that he did not want, he has not alleged facts showing he would have been permitted to proceed on his direct appeal pro se but for the delay. Hence, Plaintiff's access to courts claims against defendants Vasquez and Velasquez are subject to dismissal.

**E.  THE FAC FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANT MERINO IN HIS INDIVIDUAL CAPACITY FOR DENIAL OF ADEQUATE MEDICAL CARE OR UNREASONABLE SEARCH**

  **1.  The FAC Fails to State a Claim for Denial of Adequate Medical Care**

  **a.  Applicable Law**

The Fourteenth Amendment governs claims for violations of the right to adequate medical care brought by pretrial detainees. Gordon v. Cty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018), cert. denied sub nom. Cty. of Orange, Cal. v. Gordon, 139 S. Ct. 794, 202 L. Ed. 2d 571 (2019). A claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate indifference standard. Id. The elements of such a claim are:

  (i) the defendant made an intentional decision with respect to the
  conditions under which the plaintiff was confined; (ii) those conditions
  put the plaintiff at substantial risk of suffering serious harm; (iii) the

11

| | |
|---|---|
| 1 | defendant did not take reasonable available measures to abate that risk, |
| 2 | even though a reasonable official in the circumstances would have |
| 3 | appreciated the high degree of risk involved—making the consequences |
| 4 | of the defendant's conduct obvious; and (iv) by not taking such |
| 5 | measures, the defendant caused the plaintiff's injuries. |

Id.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Id. (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). The "'mere lack of due care'" is insufficient. Id. (quoting Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)). A plaintiff must "prove more than negligence but less than subjective intent – something akin to reckless disregard." Id.

### b. Analysis

Here, Plaintiff's allegations that defendant Merino "went outside his jurisdiction" to remove Plaintiff's wheelchair on various occasions, see dkt. 11 at 12-13, is insufficient to state a claim for denial of adequate medical care. Plaintiff fails to allege any facts showing defendant Merino's removal of Plaintiff's wheelchair put Plaintiff at substantial risk of suffering serious harm and failed to take reasonable available measure to abate that risk. Hence, Plaintiff's denial of medical care claim against defendant Merino for removal of his wheelchair is subject to dismissal.

## 2. The FAC Fails to State an Unreasonable Search Claim

### a. Applicable Law

The Fourth Amendment's proscription against unreasonable searches "extends to incarcerated prisoners; however, the reasonableness of a particular search is determined by reference to the prison context." Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). "[G]iven the realities of institutional confinement, any reasonable expectation of privacy that a detainee retained necessarily would be of a

diminished scope." Bell v. Wolfish, 441 U.S. 520, 557, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). "[P]rison administrators [are to be] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Block v. Rutherford, 468 U.S. 576, 585, 104 S. Ct. 3227, 82 L. Ed. 2d 438 (1984) (citations and quotation marks omitted). A search "is valid if it is reasonably related to legitimate penological interests." Michenfelder, 860 F.3d at 331 (citation and quotation marks omitted).

An inmate seeking to bring an unreasonable search claim must set forth factual allegations indicating the search was "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Id. at 332. "'Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" Id. at 332 (quoting Bell, 441 U.S. at 559); see also Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 327, 132 S. Ct. 1510, 182 L. Ed. 2d 566 (2012) (holding "deterring the possession of contraband depends in part on the ability to conduct searches without predictable exceptions" including "random searches of inmate lockers and cells even without reason to suspect a particular individual of concealing a prohibited item").

### b. Analysis

Here, Plaintiff's allegation that he was visually strip searched by defendant Merino on one occasion fails to state an unreasonable search claim. Dkt. 11 at 12-13. Plaintiff's conclusory allegation the strip search was "very excessive, and harassing" is not entitled to a presumption of truth. Iqbal, 556 U.S. at 681. Plaintiff alleges he was woken up early, ordered to strip in the rec yard, told to "bend over and c[ough] 10 to 15 times," and defendant Merino shined a flashlight on Plaintiff's buttocks while Plaintiff held his own "but[t]cheeks apart." Dkt. 11 at 12. The Court notes Plaintiff's status as a pretrial detainee at the time of the search, see id. at 13, suggests that he may have had greater rights than convicted prisoners. See Byrd v. Maricopa Cty. Bd. of

Supervisors, 845 F.3d 919, 922 (9th Cir. 2017) (noting plaintiff's status as a pretrial detainee was sufficient to distinguish his allegations from precedent concerning convicted prisoners). Plaintiff, however, fails to allege facts indicating the search was "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." See Michenfelder, 860 F.2d at 332. Hence, Plaintiff's unreasonable search claim against defendant Merino is subject to dismissal.

**F.  THE FAC IMPROPERLY JOINS DISTINCT CLAIMS**

   **1.  Applicable Law**

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and three-strikes rule under Prison Litigation Reform Act); Gonzalez v. Maldonado, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same).

When numerous claims are misjoined, the court can generally dismiss all but the first named defendant without prejudice to the institution of new, separate lawsuits against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Kirakosian v. J&L Sunset Wholesale & Tobacco, No. 2:16-CV-06097-CAS (AJWx), 2017 WL 3038307, at *3 (C.D. Cal. July 18, 2017) ("An

14

accepted practice under Rule 21 is to dismiss all defendants except for the first defendant named in the complaint.").

   **2.  Analysis**

Here, the FAC improperly joins claims arising out of several distinct incidents. The claims against defendants County of Los Angeles, City of Los Angeles, Villanueva, and Boling arise out of complaints regarding Plaintiff's conditions of confinement; the claims against defendant Merino arise out of a strip search and retaliation for filing a grievance regarding the search; and the claims against defendants Vasquez and Velasquez arise out of access to courts issues. Accordingly, the claims against defendants County of Los Angeles, City of Los Angeles, Villanueva, and Boling do not arise out of the same "transaction, occurrence, or series of transactions" as the claims against defendant Merino, or defendants Vasquez and Velasquez. Fed. R. Civ. P. 20(a)(2)(A). Moreover, the claims do not appear to present any "question of law or fact common to all defendants . . . ." Fed. R. Civ. P. 20(a)(2)(B). Accordingly, any amended complaint must only include properly joined claims.

## V.

## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court,

15

pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district

16

court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: February 04, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge